IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeromy Chisolm, | ) | C/A No.: 1:12-3055-RBH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| SCDC; Glenn Stone, Warden-CPR, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Jeromy Chisolm ("Petitioner"), proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding. Petitioner is incarcerated at Catawba Pre-Release Center in Rock Hill, South Carolina. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual Background

Petitioner alleges that he received a disciplinary charge on February 22, 2008, for allegedly fighting with another inmate. [Entry #1 at 1]. He states that he received formal notification of the charge, requested the presence of his accuser at the disciplinary hearing, and sought the assignment of counsel. *Id.* He alleges that his March 6, 2008, disciplinary hearing was continued to allow time for the production of a videotape of the alleged fight.

*Id.* Petitioner states that his hearing was reconvened on March 13, 2008, and his request for assignment of counsel was denied. *Id.* He further alleges that his accuser, Sandra Knowlin, testified about the incident report. *Id.* Petitioner claims that the disciplinary hearing officer ("DHO") improperly allowed Ms. Knowlin to act as both accuser and investigator. *Id.* The DHO also allegedly failed to allow Petitioner to call witnesses and present evidence. *Id.* at 5. Petitioner claims that the DHO found Petitioner guilty of the disciplinary infraction "based solely on the incident report." *Id.* at 1. Petitioner asks the court to vacate the "DHO's decision and sanctions in this matter," and grant "Petitioner any and all sentence related credits he would have earned but for the DHO's decision." [Entry # 1-2 at 9–10].

II.   Discussion

    A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

2

meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Petitoner alleges that the DHO deprived him "of his constitutional right to due process" during the disciplinary hearing. [Entry #1 at 2; Entry #1-2 at 8.]. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, an inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. *Id.* at 563–67.

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence

3

to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). Here, Petitioner provides no facts to indicate that the disciplinary conviction resulted in the loss of any earned sentence related credits or that the disciplinary proceedings resulted in an increase in the sentence imposed. Instead, Petitioner demonstrates that the disciplinary conviction resulted in the loss of telephone, canteen, and visitation privileges for ninety days. [Entry # 1-3 at 4]. Petitioner also alleges the "loss of the opportunity to earn good time credits." [Entry # 1-2 at 8].

Prisoners do not have a protected liberty interest in visitation, canteen, or telephone privileges. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause.") (citation omitted); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); *United States v. Alkire*, C/A No. 95-7885, 1996 WL 166400, at *1 (4th Cir. April 10, 1996) ("there is no constitutional or federal statutory right to use of a telephone while in prison"); *see also Durdick v. Byars*, C/A No. 3:11-2979-CMC-JRM, 2012 WL 5306263, at *5 (D.S.C. Sept. 28, 2012) (no protected liberty interest in telephone,

4

canteen, or visitation privileges); *Roberts v. Sumner*, C/A No. 5:11-2-TMC-KDW, 2012 WL 3638794, at *3 (D.S.C. July 19, 2012) (denial of canteen, telephone, and visitation privileges are insufficient to establish an atypical and significant hardship).  In addition, the South Carolina Supreme Court recently held that "an inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest." *Howard v. South Carolina Dep't of Corr.*, 733 S.E.2d 211, 217 (S.C. 2012).  Because Petitioner has failed to show that the challenged disciplinary conviction enhanced his sentence in such a way as to implicate a protected liberty interest and give rise to the protection of the Due Process Clause, the instant § 2241 petition is subject to summary dismissal.

III.    Conclusion

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 7, 2013                                         Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).