IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jeromy Chisolm, | ) | Civil Action No.: 1:12-cv-03055-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SCDC; Glenn Stone, Warden-CPR, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1]  The Magistrate Judge recommends dismissing Petitioner's 28 U.S.C. § 2241 petition *without prejudice* and without ordering Respondents to file a return.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In October 2012, Petitioner, a state prisoner proceeding *pro se*, filed a § 2241 petition alleging that he received a disciplinary charge for allegedly fighting with another inmate while incarcerated at the South Carolina Department of Corrections ("SCDC"). Pet. 1, ECF No. 1.  He claims that he received formal notification of the charge, requested the presence of his accuser at the disciplinary hearing, and sought the assignment of counsel. *Id.*  He alleges that his March 6, 2008, disciplinary hearing was continued to allow time for the production of a videotape of the alleged fight. *Id.*  Petitioner states that his hearing was reconvened on March 13, 2008, and his request for

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. Governing § 2254 Cases in the U.S. Dist. Cts. 4; *see also id.* R. 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).

assignment of counsel was denied. *Id.* He further alleges that his accuser, Sandra Knowlin, testified about the incident report. *Id.* Petitioner claims that the disciplinary hearing officer ("DHO") improperly allowed Knowlin to act as both accuser and investigator. *Id.* The DHO also allegedly failed to allow Petitioner to call witnesses and present evidence. *Id.* at 5. Petitioner claims that the DHO found Petitioner guilty of the disciplinary infraction "based solely on the incident report." *Id.* at 1. Petitioner asks the Court to vacate the "DHO's decision and sanctions in this matter" and grant "Petitioner any and all sentence related credits he would have earned but for the DHO's decision and sanctions." ECF No. 1-3, at 9-10.

The Magistrate Judge issued her R&R on February 7, 2013, recommending that Petitioner's petition be summarily dismissed. R&R, ECF No 11. Petitioner filed timely objections. Pet'r's Objs., ECF No. 14.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the

2

recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge concludes that "Petitioner has failed to show that the challenged disciplinary conviction enhanced his sentence in such a way as to implicate a protected liberty interest and give rise to the protection of the Due Process Clause."[2] R&R 5. In his objections, Petitioner "concedes that he does not have a protected liberty interest in visitation, canteen, or telephone privileges"; however, he generally compares his privileges in prison to driving privileges, which, "cannot be taken away by the government without due process of law." Pet'r's Objs. 1-2. He claims that to hold otherwise would be "discrimination that inherently increases the hardship and adverse effects of [his] incarceration." *Id.* at 2. Furthermore, he contends that his "tainted" disciplinary hearing has an adverse effect on his prison record, pointing to his inability to participate in a prison trustee program. *Id.*

In light of Petitioner's objections, the Court finds no error in the Magistrate Judge's conclusion and recommendation that Petitioner's petition should be summarily dismissed. Plaintiff's general comparison of his privileges in prison to the privilege of driving on the public roads is inapposite. Any restraints on Petitioner's liberty must be viewed through the prism of his incarceration. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Petitioner's inability to "enroll into

---

[2] Petitioner lost ninety days of telephone, visitation, and canteen privileges. ECF No. 1-3, at 4. Also, pursuant to S.C. Code Ann. § 24-13-210(D), Petitioner lost the opportunity to earn good time credit for the month in which he committed the violation of SCDC policy. *But see Howard v. S.C. Dep't of Corr.*, 733 S.E.2d 211, 221 (S.C. 2012) ("[T]he loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest.").

3

programs which could, after successful completion, earn Petitioner more time off his sentence," Pet'r's Objs. 2, does not "impose atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484; *see also Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978) (holding that custody classifications and work assignments are generally within the discretion of the prison administrator); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); *Alley v. Angelone*, 962 F.Supp. 827, 834 (E.D. Va. 1997) (finding that a prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates). Petitioner's objections are, therefore, overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Petitioner's § 2241 petition, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 petition be **DISMISSED** *without prejudice* and without ordering Respondents to file a return.

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
April 15, 2013